## Bozman, Executor, *v.* Brown.

A verdict and judgment is erroneous when there is a good plea in bar not replied to.

In this state an executor or administrator is not obliged to plead any thing but the general issue; but he may elect to plead specially.

It seems that the plea of non assumpsit pleaded generally by an executor, will not authorize a verdict against him in his own right.

It is said that the measure of damages in case of an eviction from personal estate by title paramount, is the value of property at the time of eviction.

IN ERROR from the circuit court of the county of Hinds.

S. C. Barton, for plaintiff in error.

Opinion of the court by Mr. Justice TURNER.

This is an action on the case on a promissory note made by Medoy Bozman, payable to A. J. Burke or order, for six thousand dollars, indorsed by Burke to McLaughlin, and by McLaughlin to David Brown, the plaintiff below, who instituted this suit against James Bozman, executor of Medoy Bozman, deceased, the maker of the note.

The defendant Bozman, not availing himself of the privilege given to executors by the statute, of pleading the general issue, and giving special matter of defence under that plea, without pleading specially in bar, in evidence, elected to plead specially, as he had a right to do, and accordingly filed several pleas, to wit:

1. The general issue as to himself, on which issue is joined.

2. The general issue as to his testator, on which issue is also joined.

3. A failure of consideration.

4. Another special plea of failure of consideration.

The plaintiff below demurred to the third plea, and the demurrer was sustained.

30*

There was no replication to the fourth plea. The cause was then submitted to the jury on the general issues, and a verdict rendered in the following words, viz: "We the jury, find for the plaintiff, and assess his damages at three thousand and sixty-five dollars and nine cents." Whereupon the judgment of the court was rendered that the plaintiff recover of the defendant three thousand sixty-five dollars and nine cents, the amount found by the jury, and also costs of suit.

At the trial before the jury a bill of exceptions was taken by the defendant below to the opinion of the court, which shows that the note sued on was given in evidence; that the defendant below then offered evidence of the consideration of said note, and the failure of the consideration, as set forth in the bill of exceptions. The consideration of the note appeared to be a bill of sale of slaves, &c. made by Burke to Medoy Bozman, for the consideration of fourteen thousand dollars, with warranty of title, but not of soundness. The defendant below also gave evidence of a judgment prior in date to the bill of sale against said Burke, in said Hinds circuit court; that execution issued on said judgment, which was levied on part of the slaves included in said bill of sale, and sold by the sheriff to satisfy said execution; that the court being called on, charged the jury that the value of the slaves at the time of the sheriff's sale, is the measure of the amount of failure of consideration; and also, that in the absence of proof of such value, the jury may disregard the defence. The errors assigned are as follows, viz:

First. The defendant's fourth plea is special, and has not been replied to, or in any wise disposed of.

Second. That the court erred in charging the jury, that the value of the slaves at the sheriff's sale was the measure of damages.

Third. Plaintiff declares as Bozman, as executor, &c., and then alleges illegally that he individually promised to pay, on which promise alleged an issue was made, and a judgment rendered against him in his individual capacity, without any evidence to support said judgment.

Fourth. The evidence does not support the judgment against said James in his individual capacity, nor to the amount thereof, would it, in his fiduciary capacity, and in other respects the proceedings are erroneous, &c.

Bozman, Executor, *v.* Brown.

The counsel has not exhibited any brief on either side, or referred to authorities. The merits of the defence in the court below, were all available to the defendant under the plea of the general issue. But that consideration did not in law preclude the defendant from pleading specially. It was his privilege to do so; and certainly the plaintiff had no reason to complain, as it was for his benefit. It gave him record notice of the nature of the defence intended to be made; and if those pleas were not mere nullities, it was the duty of the plaintiff to reply to them. Not having done so, it was error to go to trial on the issues joined, leaving a good substantial plea to the merits undisposed of. On this point there is a case reported in 2 Howard, 886, where the court was divided, only two judges being on the bench at the time. But we consider that ever before and since that case, the law has been ruled otherwise.

I will, for the satisfaction of counsel, intimate an opinion, that the plea of non assumpsit, generally, would not tend to charge the executor in his own right, but as executor. He is sued as executor, on a note made by his testator, and the promise as charged in the declaration results from the time of the death of the maker, and is not so charged, as to make the executor liable in his own right, or out of his own estate; and the verdict being for the plaintiff against the defendant, means "the defendant, executor as aforesaid."

I will also intimate my opinion that the measure of damages, on the eviction from personal estate in cases like the present, is the value of the estate at the time of the eviction. The price of property fluctuates, and the vendor having the use of the purchase money, the vendee has the use of the property, and is not chargeable with the hire in a case like this, it being a forced sale by a sheriff to satisfy an execution. In case where property so sold and warranted is recovered, by a person having the prior right of possession as well as property, the rule is different, because the right owner recovers not only the property, but damages for the detention. The law may be different, but these are my impressions, without reference to authorities. Judgment reversed, and venire de novo awarded.